Dear Representative Faucheux:
This office is in receipt of your request for an Attorney General's opinion regarding Act 376 of the 2003 Regular Legislative Session ("Act 376"), which enacted LSA-R.S. 17:81(O), regarding expenditures by school boards for the reimbursement of travel and related expenses of school board members. Pertinently, LSA-R.S. 17:81(O) provides:
 "Any expenditure by a city, parish, or other local school board to reimburse a school board member for travel and related expenses while on school board business outside the school board's jurisdictional boundaries as authorized by R.S. 17:56(A)(1) or other applicable law shall not exceed those permitted in accordance with travel regulations prescribed by the division of administration for state executive branch employees." (Emphasis added).
You have advised that a number of school board members have approached you regarding the amount of reimbursement this legislation entitles them to receive for travel under the Divisions of Administration's Policy and Procedure Memorandum 49, the pertinent provisions of which were included with your request. Apparently, you are being asked whether school board members can be reimbursed on an actual expense basis, as are "State Officers" and "Authorized Persons", or whether school board members must now be reimbursed in accordance with the reimbursement guidelines the Division of Administration has promulgated for other state employees. Specifically, your letter states:
 "According to the DOA travel guide, lodging and meals for state officers and authorized persons are to be reimbursed on an actual expense basis except in cases where other provisions for reimbursement have been made by statute. Members of boards and the office of elected officials are considered as authorized persons and/or state officers.
 Are school board members considered state executive branch employees who are considered authorized persons and/or state officers and are approved by DOA regulations to be reimbursed actual expenses?"
We have examined Act 376, and the Division of Administration's definitions of "State Officer" and "Authorized Persons", as contained in the travel regulations, as well as the definition of "State Employee", which is also contained therein.
In light of the clear language of Act 376, quoted above, it is our opinion that Act 376 places a cap upon school board expenditures for the reimbursement of school board members for "travel and related expenses outside the school board's jurisdictional boundaries," which expenditures for reimbursement "shall not exceed those permitted by the division of administration for state executive branch employees." (Emphasis added).
Although the term "state executive branch employee" is not defined, as noted above, the Division of Administration's travel regulations, which are referenced in Act 376 and which have application to executive branch agencies and employees, include a distinct definition of "State Employee", separate and apart from the defined terms of "State Officer" and "Authorized Persons". In accordance with the Division of Administration's travel regulations, "State Employee" is defined to mean "employees below the level of state officer", and the regulations further provide that "State Employees" are not to be reimbursed for their actual travel expenses; rather, subject to certain exceptions, "State Employees" are only reimbursed up to certain tiered amounts, depending on the area to which they travel.
In our opinion, even though school board members may not meet the definition of a "State Employee" as contained in the travel regulations, Act 376's reference to the travel regulations for "state executive branch employees" denotes legislative intent that the reimbursement of school board members for "travel and related expenses outside the school board's jurisdictional boundaries" should not exceed that permitted by the Division of Administration's regulations for "State Employees."
We further note that in accordance with the Division's travel regulations, "State Officer" is defined to mean:
"a. state elected officials;
 department head as defined by Title 36 of the Louisiana Revised Statutes (secretary, deputy secretary, under secretary, assistant secretary, and the equivalent positions in higher education and the office of elected officials."
In our opinion, the definition of "State Officer", as contained in the travel regulations, cannot be appropriately applied to school board members.
On the other hand, we find that the travel regulation definition of "Authorized Persons" could be applied to school board members. "Authorized Persons" are defined as:
 "a. advisors, consultants, contractors and other persons who are called upon to contribute time and services to the state who are not otherwise required to be reimbursed through a contract for professional, personal, or consulting services in accordance with R.S, 39:1481 et. seq.
 members of boards, commissions and advisory councils required by federal or state legislation or regulation. Travel allowance levels for all such members and any staff shall be those authorized for state employees unless specific allowances are legislatively provided."
In our opinion, although school board members cannot be considered to be `advisors, consultants contractors or other persons' as referred to in paragraph `a' of this definition, they could be considered to be "members of boards required by state legislation". As is provided by the second sentence of paragraph `b', however, travel reimbursement for "members of boards" is to be in the same manner as "authorized for state employees unless specific allowances are legislatively provided." Our research revealed no provision of law that could be considered to provide "specific allowances" for school board members' "travel and related expenses outside the school board's jurisdictional boundaries" that could be considered to take precedence over Act 376.
In summary, it is our opinion that Act 376 requires that school board expenditures for the reimbursement of school board members for "travel and related expenses outside the school board's jurisdictional boundaries" cannot exceed the amounts permitted by the Division of Administration's regulations for "State Employees", as defined in those regulations. Act 376 cannot be interpreted as authorizing the reimbursement of school board members as "State Officers", and no other legislation provides for other "specific allowances" pursuant to which school board members could receive actual expenses as "Authorized Persons".
Our opinion in this regard is based upon the following rules of statutory construction: The words of a law must be given their generally prevailing meaning. C.C. Art. 11. Laws on the same subject matter must be interpreted in reference to each other. C.C. Art. 12. A statute should be given a construction according to fair import of its words taken in their usual sense, in connection with the context, and with reference to the purpose of the provisions. State v. Truby, 29 So.2d 758
(La. 1947).
We trust the foregoing to be of assistance.
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: _________________________________ JEANNE-MARIE ZERINGUE BARHAM Assistant Attorney General
RPI/JMZB/dam
Date Released: September 12, 2003